**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JEANMARIE MALM,** | |
| **Plaintiff,** | |
| -against- | **23-cv-6511 (ALC)** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | **ORDER** |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

On July 27, 2023, Plaintiff Jeanmarie Malm filed the instant action against the Commissioner of the Social Security Administration, appealing a final administrative determination by Defendant. On April 19, 2024, the parties filed a proposed stipulation and order reversing the

Commissioner's decision and remanding the case to the Commissioner of Social Security, which was so ordered by this Court on April 22, 2024. ECF Nos. 10-11. The Clerk of Court entered judgment remanding the case on April 22, 2024.  ECF No. 12.  On July 20, 2024, Plaintiff filed a motion for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 13. On July 25, 2024, Plaintiff filed a proposed stipulation and order agreeing to the payment of attorney's fees and expenses by the Commissioner of Social Security pursuant to EAJA in the amount of $5,194.00, which was so ordered by this Court on July 25, 2024. ECF No. 14 Following remand, on April 27, 2025, the Social Security Administration issued a Notice of Award, withholding 25 percent of Plaintiff's past due benefits to pay attorneys fees. The withheld amount totaled $32,425.25. ECF No. 17, Osborne Declaration ("Osborne Decl."), ¶ 14; *Id.*, Ex. 3. On May 15, 2025, Plaintiff's attorney filed the instant motion for fees pursuant to 42 U.S.C.

§ 406(b), to which Defendant responded on May 28, 2025 ECF Nos. 15, 18. For the following reasons, Plaintiff's attorney's motion for fees is **GRANTED.**

42 U.S.C. § 406(b) was designed to control, but not displace fee agreements between Social Security benefits claimants and their counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). § 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant . . . who was represented . . . by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.

42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In determining whether the fee sought is reasonable, the court should first look to the contingent-fee agreement and then test it for reasonableness. *Id.* at 808. Courts in this District have considered three factors in determining whether a contingent-fee agreement is reasonable:

> 1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall" factor.

*See, e.g.*, *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)) (internal quotations omitted). Additionally, courts consider whether there was fraud or overreaching in making the agreement and whether the amount requested is within the 25 percent statutory cap. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

2

Under § 406(b), fees are payable only out of the benefits recovered and "attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits." *Gisbrecht*, 535 U.S. at 792, 795. Thus, even though attorney's fees may be awarded pursuant to EAJA and § 406(b), the attorney must refund the smaller fee to the claimant. *Id.* at 796.

The Court finds that the contingent-fee agreement and attorney fee amount requested are reasonable under the circumstances. The $32,425.25, requested is within the 25 percent statutory cap (25 percent of the total past-due benefits is $32,425.25), Osborne Decl., Ex. 3; there is no evidence of fraud or overreaching in the making of the contingency-fee agreement at issue; and $32,425.25 is not so large as to constitute a windfall to Plaintiff's attorney given that Plaintiff's attorney spent 19.2 hours on the matter and was able to obtain a successful result, Osborn Decl.[1] Further, there is no evidence that Plaintiff's attorney "unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee," and the fee is not "out of line with the character of the representation and the results the representation achieved." *Blizzard*, 496 F. Supp. 2d at 322; *see also supra* n. 1.

---

[1] Dividing the $32,425.25 attorney's fees requested by the 19.2 hours worked results in a *de facto* hourly rate of $1688.82. While the lodestar method is not used in calculating fees under § 406(b), district courts initially look to the number of hours spent litigating the case, and then the hourly rate obtained by dividing the requested award by the time spent on the case to determine whether the fee requested is reasonable. *See, e.g.*, *Gisbrecht*, 535 U.S. at 808; *Blizzard*, 496 F. Supp. 2d at 323-25. This amount falls within the range of awards found to be reasonable and not constituting a windfall under § 406(b). *See Kazanjian v. Astrue,* 2011 U.S. Dist. LEXIS 76661*; 2011 WL 2847439 (approving hourly rate of $2,100)*; see also, Gentile v. Kijakazi,* 2023 U.S. Dist. LEXIS 180263 *.

For all of the foregoing reasons, Plaintiff's attorney's motion for fees in the amount of $32, 425.25 is **GRANTED**. Plaintiff's attorney is **ORDERED** to directly refund the $5,194.80 in attorney's fees awarded pursuant to EAJA to Plaintiff.

The Clerk of Court is directed to terminate ECF No. 15.

**SO ORDERED.**

**Dated: May 28, 2026**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**